IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN BIRDO,
B-28737,

Petitioner,

vs.

SALVADOR GODINEZ,

Respondent.                                      Case No. 14-cv-00276-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

    Petitioner Kevin Birdo, who is currently incarcerated in Pontiac Correctional Center ("Pontiac"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254. (Doc. 1). Birdo challenges the imposition of consecutive sentences for his 1995 Jefferson County convictions (Jefferson County Circuit Court No. 94 C 288) and contends that his sentence expired some time ago. According to Birdo, the trial court correctly ordered his five-year sentence for involuntary manslaughter to run concurrently with his fifteen-year sentence for aggravated discharge of a firearm, but incorrectly ordered the twenty-year sentence for aggravated battery with a firearm to run consecutively to the other two sentences. (*See* Doc. 1, p. 5).

    This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court

judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition and exhibits, the Court concludes that the one-year time limit for filing a § 2254 habeas petition has expired. Accordingly, Birdo is not entitled to relief, and the petition must be dismissed.

### I. Procedural History

Following a jury trial, Birdo was found guilty of aggravated battery with a firearm, aggravated discharge of a firearm, and involuntary manslaughter. (Doc. 1, p. 20). On June 8, 1995, Birdo was sentenced to 20 years for aggravated battery with a firearm, 15 years for aggravated discharge of a firearm, and 5 years for involuntary manslaughter. *Id*. The trial court ordered the sentence for involuntary manslaughter to run concurrently with the sentence for aggravated discharge of a firearm; additionally, the court ordered that the sentence for aggravated battery with a firearm should run consecutively with the sentence for involuntary manslaughter and aggravated discharge of a firearm. *Id*. Birdo appealed his conviction on the grounds that the verdicts were inconsistent. (Doc. 1, p. 2). The appellate court affirmed the conviction on June 30, 1998. *People v. Birdo*, 726 N.E.2d 1199 (Ill. App. Ct. 1998) (Table). Birdo then sought review of the appellate court's decision in the Illinois Supreme Court. (Doc. 1, p. 2). The Illinois Supreme Court denied his petition for leave to appeal ("PLA") on October

6, 1998. *People v. Birdo*, 705 N.E.2d 441 (Ill. 1998) (Table). Birdo did not file a petition for writ of *certiorari* with the United States Supreme Court. (Doc. 1, p. 2).

Birdo's states that he also challenged his conviction and sentence in a petition for post-conviction relief, which he filed in 2007 – nearly ***ten years after*** he filed his last direct appeal – in the Jefferson County, Illinois Circuit Court. (Doc. 1, p. 3). Birdo states that this post-conviction petition raised "[m]ultiple issues," but not the issues raised here. *Id*. That petition was denied and Birdo did not seek an appeal.

Instead, Birdo waited until 2013 – over 15 years since judgment in his 1995 Jefferson County case became final – to file a petition for writ of habeas corpus in state court challenging the imposition of the consecutive sentence. The trial court dismissed his petition on December 13, 2013. (Doc. 1, p. 4). Birdo states that he has not sought review of the trial court's decision with the Illinois appellate court because the state process is both "ineffective" and "it would be years" before his appeals were heard. (Doc. 1, p. 5). On December 27, 2013, in an attempt to skip over the state appellate process, Birdo filed a federal case in the Northern District of Illinois seeking removal of his state habeas action to federal court and relief under 42 U.S.C. § 1983. The petition was denied for failure to state a claim and for lack of subject matter jurisdiction. *See Birdo v. Rickman*, No. 13-cv-9294 (N.D. Ill.) (January 8, 2014). The court advised Birdo that the only way a federal district court could consider an inmate's claim for immediate or speedy release from prison was through a petition for writ of habeas corpus. *Id*. at 2.

On February 3, 2014, Birdo filed the present petition for writ of habeas corpus in the Northern District of Illinois (Doc. 1), again challenging the imposition of consecutive sentences for his 1995 Jefferson County convictions. The case was properly transferred to this Court on February 21, 2014 pursuant to 28 U.S.C. § 2241(d).

## II. Discussion

Birdo correctly observes that it would be unjust and illogical to bar inmates from seeking relief from an unlawful conviction or sentence until after they have served their sentence. Birdo seems to believe that his attempts to seek relief have been barred because he has applied *too early*. But Birdo misunderstands the law. By its very design, the law under 28 U.S.C. § 2244(d)(1) not only encourages, but requires inmates to seek relief in a timely fashion. Under 28 U.S.C. § 2244(d)(1), a petitioner has a one-year period in which to file an application for a writ of habeas corpus. According to § 2244(d)(1)(A), "the statute of limitations . . . . begins to run (i) when all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari proceedings before the United States Supreme Court; *or* (ii) when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time [90 days] allotted for filing a petition for writ." *Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). Put differently, the limitations period begins to run "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Birdo's judgment in the underlying criminal case was entered on June 8, 1995 (Doc. 1, p. 20); however, all direct criminal appeals in the state system were not concluded until October 6, 1998 when the Illinois Supreme Court denied Birdo's PLA. *People v. Birdo*, 705 N.E.2d 441 (Ill. 1998) (Table). Birdo did not file a petition for writ of *certiorari* with the United States Supreme Court. Therefore, the statute of limitations for this habeas action began to run after the 90-day period for seeking *certiorari* review expired. *See* 28 U.S.C. § 2244(d)(1)(A). That deadline expired on January 4, 1999. As such, the one-year statute of limitations period on this habeas action began to run on January 5, 1999.

Under some circumstances, the one-year limitation period is tolled. According to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." By Birdo's own admission, he did not file a petition for post-conviction relief in state court until June 2007, long after the one-year statute of limitation to file a petition for writ of habeas corpus had expired. Birdo's petition is not too early; rather it is too late. Furthermore, Birdo has not offered any explanation for his untimeliness that would justify an inquiry

into equitable tolling under the law. Based on the foregoing discussion, the habeas petition (Doc. 1) shall be dismissed.

### III. Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** with prejudice.

Should Birdo desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While a petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (citation omitted). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that the petition was not timely filed, and therefore Birdo is not entitled to relief pursuant to 28

U.S.C. § 2254.  Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect.  Thus, petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 14th day of March, 2014.

Digitally signed by David R. Herndon
Date: 2014.03.14 12:06:20 -05'00'

**Chief Judge**

**United States District Court**